## S. P. Schermerhorn, Plff. in Err., *v.* Levi Latchaw.

When defendant had accepted an order drawn on him, by writing on the face thereof: "Accepted to pay out of profits from drilling," a judgment against him on such order and acceptance was affirmed, which was based, in part, upon an instruction to the jury to the effect that evidence of a conversation between the plaintiff and defendant, wherein the defendant stated that he had accepted the order fairly and squarely, and that he would pay it, and would pay it sooner if not sued, was competent not as making a new contract, but as tending to show that the condition expressed in the acceptance had been fulfilled.

(Argued May 2, 1888. Decided May 25, 1888.)

January Term, 1888, No. 97, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of McKean County, to review a judgment in favor of the plaintiff in an action upon an accepted order for the payment of money, September term, 1883, No. 52. Affirmed.

The order in suit was as follows:

Richmond, August 20, 1881.

Mr. Schermerhorn.—Please pay Levi Latchaw two hundred and seventy-five dollars ($275) in payment of drilling tools belonging to me and loaned to Seiple Bros., and this will be your receipt in full.

Thompson Barr.

This was accepted by the defendant by writing on the face thereof:

"Accepted to pay out of the profits from drilling by Seiple Bros.

"S. P. Schermerhorn."

At the trial, Olmsted, P. J., charged the jury in part as follows:

"The plaintiff testifies that he had an interview with the defendant Schermerhorn, and that he called upon him for payment some time before the suit was brought upon this order, and that Schermerhorn promised to pay the order. That he said that he accepted it fairly and squarely and that he would pay it, and would pay it sooner if not sued. Mr. Schermerhorn in his testimony, however, denies that such a conversation occurred in the manner that Latchaw says that it did. Now if Schermerhorn told Latchaw at that time that he would pay this order, while that would not be a new contract between the parties upon this subject, yet it would be very persuasive evidence that Schermerhorn, when he made that promise, if he understood it was a conditional acceptance, understood that that condition had been fulfilled. It is only in that view of the case that that testimony is of particular importance, and it is of considerable importance in the case as bearing upon the question of whether Schermerhorn at that time understood that such profits had been realized by the Seiple Brothers from drilling on this property as made him liable for this order."

The jury rendered a verdict in favor of the plaintiff for the amount of the order, with interest.

The assignments of error specified, *inter alia,* the portion of the charge above stated.

*McSweeney & Byles* for plaintiff in error.

*Mullin & McClure* for defendant in error.

Per Curiam:
We concur in the judgment of the court below.

Judgment affirmed.